IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HENRY MARVIN MOSS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 5:10-CV-67 (CAR) |
| | : | |
| Sgt. GORHAM, Sgt. JONES, | : | |
| Mr. CONLEY, Mr. REDD, | : | |
| Captain EVANS, | : | |
| | : | |
| Defendants | : | |
| | : | |
| _____ | : | **ORDER** |

Plaintiff **HENRY MARVIN MOSS,** presently incarcerated at Augusta State Medical Prison in Grovetown Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff has not paid the required $350.00 filing fee; nor has he sought leave to proceed *in forma pauperis*. However, because plaintiff has not paid the filing fee, the Court will assume that he wishes to proceed *in forma pauperis.*

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmates right to due process of law; or an inmates right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has filed numerous civil rights or habeas corpus claims with federal courts while incarcerated. At present, at least six of these cases and/or appeals have been dismissed as frivolous

pursuant to 28 U.S.C. § 1915 prior to the filing of this lawsuit: *Moss v. Miller*, 1:98-cv-66 (WLS) (M.D. Ga.) (appeal dismissed as frivolous); *Moss v. Superior Ct. of Dougherty Co.*, 1:95-cv-222 (WLS) (M.D. Ga. Dec. 8, 1995) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d))[1]; *Moss v. Kelley*, 1:95-cv-197 (WLS) (M.D. Ga. Oct 31, 1995) (initial filing dismissed as frivolous); *Moss v. State of Georgia*, 1:94-cv-3360-FMH (N.D. Ga. Feb. 16, 1995) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)); *Moss v. Priddy*, 1:94-cv-9 (WLS) (M.D. Ga. Jan. 28, 1994) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)); and *Moss v. Williams*, 1:94-cv-8 (WLS) (M.D. Ga. Jan. 31, 1994) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)).

Because plaintiff has had at least six prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff has not made such a showing.

Therefore, plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action against these defendants, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[2] The Court notes that plaintiff is incarcerated in the Augusta State Medical Prison in Grovetown, Georgia. If plaintiff wishes to file a claim alleging that he is in "imminent danger of serious physical injury," the proper venue for such claim is the Southern District of Georgia, where Augusta State Medical Prison is located, not this district.

**SO ORDERED**, this 20th day of February, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb

---

[1] Under 28 U.S.C. § 1915(d), as then in effect, a court could dismiss a case if the allegation of poverty was untrue or if the action was frivolous or malicious. Former 28 U.S.C. § 1915(d) is now codified at 28 U.S.C. §§ 1915(e)(2) and 1915A, which additionally allow a court to dismiss an action that fails to state a claim upon which relief can be granted.

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.